74 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos Alberto MAYORGA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70684.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1996.*
Decided Jan. 12, 1996.
 
 Before: LAY,** CHOY and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Carlos Alberto Mayorga, a native and citizen of Nicaragua, appeals the order of dismissal by the Board of Immigration Appeals (BIA) adopting the decision of the immigration judge, which denied his request for asylum and withholding of deportation.[1] Both parties agree the grant of asylum is discretionary and the standard for review by this court is one of abuse of discretion. We review the factual findings underlying the determinations under the "substantial evidence" standard. See, e.g., Ghebllawi v. INS, 28 F.3d 83, 85-86 (9th Cir.1994).
 
 
 3
 Mayorga suggests he reasonably fears persecution because he is a former member of Somoza's Liberal Party and refused to join the Nicaraguan Air Force under the Sandinistas or to participate in mandatory political indoctrination or neighborhood spy programs. He testified he was required to clean streets for his actions and was investigated by a Sandinista Defense Committee ("CDS") and was accused of being a counterrevolutionary by a CDS member. In addition, he was warned by a friend in the passport office to leave the country, and later his brother cautioned him not to return.
 
 
 4
 We find the BIA did not abuse its discretion in denying Mayorga asylum on the evidence presented. First, it is well-settled that the requirement of military service does not constitute persecution. Rodriguez-Rivera v. U.S. Dep't. of Immigration & Naturalization, 848 F.2d 998, 1005 (9th Cir.1988).[2] Second, Mayorga was not arrested, physically harmed, or substantially injured or threatened in any other way due to his refusal to participate in Sandinista-sponsored activities. Third, the BIA did not abuse its discretion when it found the generalized warnings to stay out of Nicaragua from Mayorga's friend and brother provided no objective, specific factual basis for finding a well-founded fear of persecution. On this basis, we deny Mayorga's petition on his asylum claim. Given the higher "clear probability" standard for granting withholding of deportation, we also deny Mayorga's petition relating to withholding of deportation. We affirm the grant of voluntary departure and extend the mandatory departure date to April 10, 1996.
 
 
 5
 PETITION DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The immigration judge did grant Mayorga's request for a voluntary departure
 
 
 [2]
 In this regard, under INS v. Elias-Zacharias, Mayorga has not met his burden of proving that his refusal to join the Nicaraguan Air Force was a political act. 504 U.S. 478, 112 S.Ct. 812, 815-16 (1992)